677 S.E.2d 596

### Anthony RIVERA, Petitioner,

v.

### STATE of South Carolina, Respondent.

### No. 26653.

Supreme Court of South Carolina.

Submitted April 22, 2009.

Decided May 18, 2009.

Appellate Defender Kathrine H. Hudgins, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Matthew Friedman, all of Columbia, for Respondent.

Justice PLEICONES.

We granted certiorari to consider an order denying petitioner's application for post-conviction relief (PCR) and now reverse, finding trial counsel ineffective in agreeing to a response to a jury question.

## FACTS

Petitioner was acquitted of murder but convicted of armed robbery and received a twenty year sentence. The Court of Appeals affirmed his direct appeal. *State v. Rivera*, Op. No.2002–UP–544 (S.C. Ct. App. filed August 29, 2002).

At trial, the State's theory was that although petitioner did not actively participate in the murder/robbery, he accompanied the active participants to the scene with knowledge that they intended to commit the robbery. The State sought to convict petitioner of the murder which occurred in the course of the robbery under a "hand of one/hand of all" accomplice liability theory. *See State v. Curry*, 370 S.C. 674, 636 S.E.2d 649 (Ct.App.2006). The State's case relied heavily on petitioner's incriminating statement, and the thrust of the defense was to attack the voluntariness of that statement.

The jury was charged on its duty to determine whether petitioner made the statement, and whether the statement was given freely and voluntarily. After two hours of deliberation, the jury sent this note:

Can we use the defendent's [sic] statement for one charge and not the other if we think he was deceived prior to giving his statement?

After some discussion, the court gave the following written response, without objection:

Yes—if you find the statement was freely and voluntarily made as to one charge but not the other.

No—if you find it was not freely and voluntarily made as to both charges.

The note was received at 3:25 p.m. Some discussion ensued before the written note and answer were sent back to the jury. At 3:29 p.m., the jury returned to the courtroom with its verdict, finding petitioner guilty of armed robbery but acquitting him of the murder charge. Immediately after the jury was excused, trial counsel asked for a new trial on the ground that the answer given was incorrect in that a statement is either voluntary or involuntary *in toto*. The motion was denied.

At the PCR hearing, petitioner contended trial counsel was ineffective in agreeing to the trial judge's answer to the jury's inquiry. Trial counsel testified that he was in error in failing to object to the answer. The PCR judge denied relief, holding:

[Trial judge's] response to the jury question was a correct statement of South Carolina law concerning the voluntariness of a statement. Counsel cannot be ineffective for failing to raise an issue that is without merit.

We granted certiorari to review this ruling.

## ISSUE

Did the PCR judge err in failing to find petitioner's trial counsel ineffective?

## ANALYSIS

In order to obtain relief on a claim of ineffective assistance, the applicant must demonstrate both that counsel's performance fell below professional norms, and that the applicant suffered prejudice as a result of counsel's deficient performance. Prejudice is defined as a reasonable probability that had trial counsel not been deficient, the result at trial would have been different. *E.g., Miller v. State*, 379 S.C. 108, 665 S.E.2d 596 (2008). Where a PCR judge's ruling is controlled by an error of law, this Court will reverse. *Council v. State*, 380 S.C. 159, 670 S.E.2d 356 (2008).

■■ The trial court erred in instructing the jury that a statement could be voluntary as to one offense but involuntary as to another. Further, the PCR judge committed an error of law in holding this charge was a proper statement of law. We find no evidence to support the PCR finding that counsel was not deficient in agreeing to allow this answer to be given to the jury. The nature of the jury's inquiry, and its immediate return of a split verdict upon receiving the answer, convinces us that the jury agreed there was an element of involuntariness in petitioner's statement. Under these circumstances, petitioner has demonstrated the requisite prejudice, that is, a reasonable probability that had the jury been instructed that a statement is either voluntary or involuntary, it would have found petitioner's statement involuntary and acquitted him of the armed robbery charge as well as the murder charge.

## CONCLUSION

The order denying petitioner PCR is

**REVERSED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.